LEMMON, Judge
(dissenting).
I disagree with the majority on two major points.
BURDEN OF PROOF
I agree that the party relying on reconciliation as a defense to an action for divorce under R.S. 9:302 has the burden of proving the fact that the parties reconciled subsequent to the judgment of separation from bed and board. In an action under R.S. 9:302 fault or other ground for entitlement to a judgment of separation has already been established by the plaintiff in the separation suit. The statute requires a waiting period after the judgment of separation in order to encourage and afford the opportunity for reconciliation.[1] After the waiting period, either party may petition for a divorce, and reconciliation is an affirmative defense to that action and must be proved by the party relying on that defense.
However, I don’t believe that the trial judge accepted the testimony of the wife and rejected that of the husband. In my view he called a tie in the evidence and decided the case on burden of proof, as indicated in the following quotation:
“ * * * You are trying to prove a negative, that something did not happen. I feel that, under the circumstances, I can’t assume that this witness got on the stand and committed perjury. I can only assume that you did not carry the burden of proof required.”
Therefore, if we accept the trial judge’s evaluation of the evidence (based on his reluctance to assume that either party committed perjury) and then apply the correct burden of proof, the wife loses since she failed to establish her affirmative defense.
RECONCILIATION
I do not believe that one act or several isolated acts of sexual intercourse are solely determinative of the issue of reconciliation.[2]
Reconciliation is the resumption or reestablishment of the relationship which formerly existed between the parties. While sexual intercourse constitutes strong evidence that the relationship has been resumed, I do not believe that proof of one act of sexual intercourse conclusively establishes a reconciliation which under R.S. 9:302 will abrogate the judgment of separation.
The issue of reconciliation should be determined after consideration of all of the actions of the parties and all of the circumstances of the case.
*69 In this case there was no evidence whatsoever that the parties mutually intended to reestablish their former relationship, except for Mrs. Brown’s unsupported testimony about isolated occasions of hidden interludes. On the contrary, there was considerable evidence that the parties did not intend a reconciliation. Mrs. Brown admitted that her husband kept deferring any reestablishment of their family relationship. The parties continuously maintained separate residences, and since early in the separation, the children remained solely at the residence of the wife.
Except for the isolated brief periods disputed in the testimony, the husband did nothing to resume his status as husband, father and head of the household, and the wife did nothing to change her status from that of a separated spouse.
Even if we accept the wife’s contention of several instances of sexual relations, I believe that the evidence fails to establish reconciliation as a legal proposition.
There are numerous reasons why we should not establish a rule that one act of sexual intercourse conclusively constitutes reconciliation under R.S. 9:302. Since the law favors reconciliation, we should encourage opportunity for reconciliation. But if intercourse is solely determinative of reconciliation, an attorney must advise his client who has obtained a judgment of separation to avoid any situation conducive to serious reconciliation discussions, because intercourse might occur or be inferred. This deters rather than encourages a true reconciliation.
Additionally, it is virtually impossible to prove the occurrence of intercourse, and a “one act of intercourse” rule promotes a swearing contest between the parties in which one has to be lying.
Furthermore, such a rule encourages a conniving spouse with no thought of true reconciliation to use this most intimate relationship for such selfish purposes as avoiding payment of alimony after an adverse judgment of separation.
I consider more reasonable, and more adapted to its social purpose, a rule that reconciliation (particularly reconciliation after a judgment of separation as opposed to condonation after filing of suit for separation) is not synonymous with one act of sexual intercourse.

. See generally 1 Planiol, Traite Elémentaire de Droit Civil, Ch. V, § 1, No. 1338, p. 736 (12th ed. La. State Law Institute transl. 1969).

. See 35 A.L.R.2d 707, § 10 (1954); 24 Am.Jur.2d, Divorce and Separation § 214 (1966); 27A C.J.S. Divorce § 61 (1959).